J-S20003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARAK WILLIAMS | : | |
| | : | |
| Appellant | : | No. 862 MDA 2024 |

Appeal from the PCRA Order Entered May 20, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001479-2009

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: AUGUST 7, 2025**

Appellant, Darak Williams, appeals from the May 20, 2024 order entered in the Court of Common Pleas of Lackawanna County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We vacate the May 20, 2024 order and remand the case for further proceedings in accordance with this memorandum.

This Court previously summarized the factual history of Appellant's underlying criminal conviction as follows:

> On February 21, 2008, three-year-old K.S. (the "victim"), who appeared lifeless[] and whose body exhibited signs of severe trauma, was taken to Community Medical Center by [Appellant] and the victim's mother, co[-]defendant Kashema Reddish [("Reddish")[1]].  The victim was pronounced dead shortly after her

---

[1] As a result of the incident, Reddish pleaded guilty to involuntary manslaughter, 18 Pa.C.S.A. § 2504(a), on May 2, 2011, and was sentenced

arrival. A subsequent autopsy attributed the cause of death to "multiple traumatic injuries," specifically to the back of the head. After initially speaking with police, [Appellant] and Reddish fled Lackawanna County, leaving Reddish's son in the custody of Children and Youth Services. [Appellant] and Reddish were later apprehended in Buffalo, New York, on March 8, 2009.

Subsequent to his arrest, [Appellant] was charged with murder in the first degree, murder in the third degree, and endangering the welfare of a child.[2] The third-degree murder charge was withdrawn prior to trial. Following a bench trial, on February 1, 2011, [Appellant] was convicted of first-degree murder and endangering the welfare of a child and sentenced to life imprisonment. On April 28, 2011, [Appellant] filed an untimely post[-]sentence motion for judgment of acquittal, which the trial court denied following a hearing. With the aid of newly[-]appointed counsel, [a] *nunc pro tunc* appeal followed.

***Commonwealth v. Williams***, 2014 WL 10558703 (Pa. Super. filed Oct. 31, 2014) (unpublished memorandum), *appeal denied*, 116 A.3d 605 (Pa. 2015).

This Court affirmed Appellant's judgment of sentence on October 31, 2014. ***Williams***, 2014 WL 10558703, at *1. On June 2, 2015, our Supreme Court denied Appellant's petition for allowance of appeal. ***Williams***, 116 A.3d at 605. Appellant did not seek further review. As such, Appellant's judgment of sentence became final on August 31, 2015, upon expiration of the time in which to seek discretionary review with the Supreme Court of the United States. U.S. Sup. Ct. R. 13(1) (stating, "A petition for *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary

_____

to 5 to 10 years' incarceration. ***Commonwealth v. Reddish***, 46 A.3d 826, 2012 WL 2995382 (Pa. Super. filed Feb. 23, 2012) (unpublished memorandum).

2 18 Pa.C.S.A. §§ 2502(a), 2502(c), and 4304, respectively.

- 2 -

review by the state court of last resort is timely when it is filed with the Clerk within 90 days after the entry of the order denying discretionary review."); *see also* 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

On March 21, 2016, Appellant filed *pro se* a PCRA petition, his first.[3] Kurt Lynott, Esquire ("Attorney Lynott") was appointed to represent Appellant. On March 16, 2017, Attorney Lynott filed an amended petition. In the amended petition, Appellant raised several claims of ineffective assistance of trial counsel, as well as claims that the denial of effective counsel violated his constitutional rights under the Pennsylvania and United States Constitutions. That same day, Appellant also filed a motion for the appointment of Dr. Isadore Mihalikis ("Dr. Mihalikis") as an expert in forensic pathology to assist Appellant in obtaining post-collateral relief.[4] On March 20, 2017, the PCRA

---

[3] Appellant's petition was timely because it was filed within one year of the date his judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1) (stating, a PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final").

[4] Prior to Appellant's conviction, Dr. Mihalikis had been appointed as an expert in forensic pathology to assist Appellant in the preparation of his defense. Trial Court Order, 2/23/10. When Dr. Mihalikis was first appointed, Appellant was represented by David Paul Cherundolo, Esquire, and John Petorak, Esquire.

court granted Appellant's request and appointed Dr. Mihalikis as an expert in forensic pathology for purpose of Appellant's petition.

After waiting some time for Dr. Mihalikis to submit an expert report, Attorney Lynott filed a motion, on January 9, 2018, for the appointment of Dr. Cyril Wecht ("Dr. Wecht") as an expert in forensic pathology to replace Dr. Mihalikis. At a hearing on Appellant's motion, Attorney Lynott indicated that, after filing the request for the appointment of Dr. Wecht, he received a preliminary report from Dr. Mihalakis. N.T., 2/27/18, at 4. Attorney Lynott further indicated that, after reviewing the preliminary report, he asked Dr. Mihalakis to re-examine several factors surrounding the victim's death and provide an updated report. *Id.* At the conclusion of the hearing, the PCRA court was unwilling, at that time, to grant Appellant's request for the appointment of a replacement expert and stated that it would revisit the issue in sixty days to ascertain whether, or not, Dr. Mihalakis provided a supplemental report, as requested by Appellant. *Id.* at 6.

After encountering several scheduling conflicts, the PCRA court conducted a status conference, on June 15, 2018, regarding Dr. Mihalikis' supplemental report and Appellant's request for the appointment of Dr. Wecht. At the status conference, Attorney Lynott represented that "Dr. Mihalakis refers to facts in his report that do not exist in [the findings made by] either

[Dr. Wayne Ross ("Dr. Ross")[5]] or [Dr. Tyler Greenberg ("Dr. Greenberg")[6]], the experts [who testified on behalf of the Commonwealth at Appellant's] trial" regarding the circumstances surrounding the victim's time of death.[7] N.T., 6/25/18, at 3. At the conclusion of the status conference, the PCRA court scheduled a hearing for the purpose of, *inter alia*, taking the testimony of Dr. Mihalikis regarding the asserted discrepancy in his report. *Id.* at 7-8.

On September 14, 2018, the PCRA court heard testimony from Dr. Mihalikis, which the PCRA court summarized as follows:

> [Dr.] Mihalakis[] stated that he agreed with [the findings of Dr. Ross] as [the findings] related to the time of death of the child-victim. Dr. Mihalakis[] testified that he rendered his [expert] opinion after reviewing the victim's hospital records, the trial transcript, and Dr. Ross' expert report. Dr. Mihalakis testified that[,] although there was a discrepancy in his [expert] report[ concerning] the lack of rigor mortis in the victim[, this discrepancy] did not affect his finding [as to the] time of death.

_____

[5] Dr. Ross performed an autopsy on the victim and was admitted as an expert, at trial, in forensic pathology and forensic neuropathology. N.T., 1/27/11, at 4-5.

[6] Dr. Greenberg was "the treating physician in the [emergency room] on the day that the child was brought" to the hospital. N.T., 9/14/18, at 6. At Appellant's trial, Dr. Greenberg was admitted as an expert in emergency medicine and the diagnosis and treatment of trauma cases. N.T., 1/26/11, at 6-7.

[7] In particular, Attorney Lynott argued that Dr. Mihalikis stated, in his report, that he concurred with Dr. Ross and his finding of rigor mortis in the victim's body but, according to Attorney Lynott, Dr. Ross never made a finding of rigor mortis. N.T., 6/25/18, at 2-4. Because of these inconsistencies, Attorney Lynott explained that Appellant sought the appointment of Dr. Wecht "to get a more thorough and accurate report." *Id.* at 3.

PCRA Court Rule 907 Notice, 12/15/23, at 5.[8] At the conclusion of the hearing, the PCRA court stated that it would schedule a second hearing for the purpose of taking the testimony of Appellant's trial counsel, Carlos A. Martir, Jr., Esquire ("Attorney Martir"),[9] as well as hear argument on Appellant's request for the Commonwealth to produce the expert report prepared by Dr. Jonathan L. Arden ("Dr. Arden"), who was an expert in forensic pathology used by Reddish in her criminal matter. N.T., 9/14/18, at 15.

On October 12, 2018, the PCRA court directed the Commonwealth to provide Appellant with a copy of the expert report issued by Dr. Arden. On November 2, 2018, Attorney Lynott filed a motion to withdraw as counsel for Appellant. The PCRA court scheduled a hearing on counsel's motion to withdraw on December 18, 2018. At the hearing, Attorney Lynott stated that Appellant left him telephone messages, as well as sent him correspondence, requesting that he remove himself as counsel in the case. N.T., 12/18/18, at 2. At the conclusion of the hearing, the PCRA court stated that it would issue an order granting Attorney Lynott's request to withdraw as counsel. *Id.* at 3. The PCRA court also stated, on the record, that Appellant's request to have Dr. Wecht appointed as a replacement expert was denied. *Id.*

_____

[8] The PCRA court's "Rule 907 Notice" was issued pursuant to Pennsylvania Rule of Criminal Procedure 907. *See* Pa.R.Crim.P. 907.

[9] Attorney Martir was privately retained by Appellant and replaced Appellant's court-appointed counsel. N.T., 5/3/22, at 5.

The PCRA court believed that, at the conclusion of the December 18, 2018 hearing, it appointed Robert Levant, Esquire ("Attorney Levant") to represent Appellant. PCRA Court Rule 907 Notice, 12/15/23, at 6. A review of the PCRA court docket, however, reveals that the PCRA court never entered an order granting Attorney Lynott's request to withdraw and, further, that the PCRA court never entered an order appointing Attorney Levant as counsel for Appellant. After learning that Attorney Lynott had not formally been granted leave to withdraw and that Attorney Levant no longer wished to represent Appellant, the PCRA court, on March 24, 2020, appointed Carl Poveromo, Esquire ("Attorney Poveromo") to represent Appellant in his PCRA matter.

On July 20, 2020, Appellant moved for reconsideration of his request for appointment of a replacement expert. The Commonwealth responded to Appellant's motion on September 16, 2020. The PCRA court, having previously ruled on Appellant's request for the appointment of Dr. Wecht, believed that it was "under no obligation to address [Appellant's] reconsideration request" and took no further action on Appellant's motion for reconsideration. *Id.* at 7.

On October 2, 2020, Appellant filed a second amended petition. In his second amended petition, Appellant asserted that he was entitled to collateral relief based upon alleged violations of his constitutional rights, the alleged ineffective assistance of trial counsel, and the acquisition of after-discovered evidence. Second Amended PCRA Petition, 10/2/20, at 3-8.

On February 5, 2021, Appellant filed a motion for post-conviction discovery in which he requested that the PCRA court direct the Commonwealth to provide copies of the microscopic tissue slides from the victim's autopsy that were admitted at trial. At a hearing on Appellant's request for post-conviction discovery, Attorney Poveromo argued that the microscopic tissue slides were necessary "to develop facts in support of [Appellant's] claim that trial counsel was ineffective for failure to retain a forensic pathologist." N.T., 3/2/22, at 2. Attorney Poveromo asserted that the "thrust of [Appellant's petition] is that he was denied effective assistance of counsel because his trial counsel failed to engage a forensic pathologist to determine the cause and time of [the victim's] death." *Id.* at 2-3. At the conclusion of the March 2, 2022 hearing, the PCRA court deferred ruling on Appellant's request for post-conviction discovery to provide time for further development of the record.[10] *Id.* at 13-18.

On May 3, 2022, the PCRA court convened an evidentiary hearing on Appellant's second amended petition, as well as his request for post-conviction discovery. At the evidentiary hearing, the PCRA court heard testimony from Attorney Martir (Appellant's original trial counsel) concerning, *inter alia*, whether, or not, he had been provided copies of the microscopic tissue slides

_____

[10] The PCRA court indicated, without objection from Appellant, that the request to reconsider the appointment of a replacement expert was moot because Appellant privately retained the services of a new expert in forensic pathology. N.T., 3/2/22, at 15.

and whether, or not, he retained the services of a forensic pathologist to review the circumstances and findings surrounding the victim's death. N.T., 5/3/22, at 6-8.

On August 12, 2022, the PCRA court denied, in part, Appellant's second amended petition insofar as it "relate[d] to his claim that trial counsel provided ineffective assistance for failing to obtain an expert to review certain forensic evidence[.]" PCRA Court Order, 8/12/22. In the memorandum that accompanied the August 12, 2022 order, the PCRA court stated that "no exceptional circumstances exist so as to grant [Appellant's] request for post-conviction discovery." PCRA Court Memorandum, 8/12/22, at 14 (extraneous capitalization omitted). Thereafter, on August 24, 2022, the PCRA court entered a related order that denied Appellant's request for post-conviction discovery.[11] PCRA Court Order, 8/24/22.

On April 17, 2023, Appellant filed a third amended PCRA petition. In his petition, Appellant asserted that his conviction resulted from a violation of his constitutional rights and the ineffective assistance of trial counsel. Third Amended PCRA Petition, 4/17/23, at ¶11. Appellant asserted that his

_____

[11] On September 1, 2022, Appellant sought an interlocutory appeal of the PCRA court's order that denied his request for post-conviction discovery. Notice of Appeal, 9/1/22. In an October 6, 2022 *per curiam* order, this Court quashed Appellant's appeal on the ground that the August 24, 2022 order was not a final, appealable order. *Per Curiam* Order, 10/6/22 (1250 MDA 2022). During the course of Appellant's appeal, this Court granted Attorney Poveromo's request to withdraw as counsel. *Per Curiam* Order, 9/21/22 (1250 MDA 2022). Thereafter, Curt M. Parkins, Esquire ("Attorney Parkins") entered his appearance as PCRA counsel for Appellant.

constitutional rights were violated because Dr. Ross' "trial testimony exceed[ed] the scope of his [] pretrial testimony and reports in violation of [Appellant's] rights to due process and a fair trial." *Id.* at ¶15. Appellant further asserted that trial counsel was ineffective for failure "to retain [or] call an expert witness regarding cause, manner, and time of death" and "to object to the testimony of [Dr. Ross,] which fatally varied from his pretrial testimony [or] report prepared in preparation for trial." *Id.* at ¶16.

On December 12, 2023, the PCRA court provided Appellant with notice, pursuant to Rule 907, of its intent to dismiss the third amended petition. In particular, the PCRA court explained that

> [the PCRA court] determined [Appellant] is not entitled to the relief requested pursuant to the [third a]mended PCRA petition as it relates to [the] claims that [Appellant's] conviction resulted from a violation of his [c]onstitutional rights pursuant to 42 Pa.C.S.A. § 9543(a)(2)(i), and [that] trial counsel provided ineffective assistance for failing to consult an expert in forensic pathology[.]

PCRA Court Rule 907 Notice, 12/15/23, at 1. Appellant did not file an objection. On May 20, 2024, the PCRA court denied Appellant's third amended PCRA petition. This appeal followed.[12]

---

[12] Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925. In its Rule 1925(a) opinion, the PCRA court identified two places in the record where its reasons for dismissing Appellant's petition could be found. First, the PCRA court stated that it relied on its August 12, 2022 memorandum, which accompanied the order denying, in part, Appellant's second amended petition. In addition, the PCRA court referred to its December 15, 2023 Rule 907 notice of the intent to dismiss Appellant's third amended petition.

Appellant raises the following issues for our review:

1. Whether Appellant's [PCRA petition] should have been granted where [trial] counsel provided ineffective assistance by failing to call [Dr. Wecht] or any forensic pathologist as an expert witness to rebut the Commonwealth's evidence?

2. Whether Appellant's [PCRA petition] should have been granted where [trial] counsel provided ineffective assistance by failing to object to [Dr. Ross'] testimony which varied from what was offered in discovery through his pretrial report [or] pretrial testimony?

3. Whether Appellant's [PCRA petition] should have been granted where [trial] counsel provided ineffective assistance by failing to move for the suppression of Appellant's statements which were obtained in violation of his constitutional rights?

4. Whether Appellant's [PCRA petition] should have been granted where [trial] counsel provided ineffective assistance by failing to move for the recusal of Judge Michael Barrasse [or] raise an objection to a lack of *sua sponte* recusal?

5. Whether Appellant's [PCRA petition] should have been granted where [trial] counsel provided ineffective assistance by failing to raise[,] in post-sentence motions[,] a challenge to the weight of the evidence?

6. Whether Appellant's [PCRA petition] should have been granted where his constitutional rights were violated by [Dr. Ross'] trial testimony exceeding the scope of his pretrial testimony and medical reports proffered in discovery?

7. Whether Appellant's PCRA counsel was ineffective for failing to raise [layered ineffective assistance claims targeting trial counsel and direct appeal counsel[13] for failing to assert] that the Commonwealth's failure to correct the false testimony of [Reddish] violated Appellant's due process rights?

_____

[13] Appellant was represented by Terrence J. McDonald, Esquire, on direct appeal.

- 11 -

Appellant's Brief at 10-11 (extraneous capitalization omitted).

Preliminary, we must address Appellant's application filed with this Court on October 8, 2024, that requested a remand, pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), so Appellant can file an amended PCRA petition and develop a record that addresses claims of ineffective assistance of original PCRA counsel. In his application, Appellant asserts that his original PCRA counsel, Attorney Parkins, was ineffective in omitting various claims from the third amended PCRA petition.[14] Application for Remand, 10/8/24, at ¶8. In particular, Appellant asserts that Attorney Parkins was ineffective for failing to raise the following claims in the third amended petition:

a.     [Trial] counsel was ineffective for failing to make a motion for recusal of the Honorable Michael J. [Barrasse] after he had accepted the guilty plea of Appellant's co-defendant, [Reddish], and [then served] as the fact[-]finder in [Appellant's] case.

b.     [Trial] counsel was ineffective for failing to file a timely post-sentence motion challenging the weight of the evidence, thus resulting in a waiver [of this issue] on direct appeal.

---

[14] On June 14, 2024, Appellant filed *pro se* a notice of appeal challenging the May 20, 2024 order denying the third amended PCRA petition. Thereafter, Appellant retained the services of J.B. Fitzgerald, Esquire ("Attorney Fitzgerald"). Attorney Fitzgerald, who, then, practiced law with the Liberty Law Team in Philadelphia, Pennsylvania, subsequently filed Appellant's application for remand with this Court. On March 3, 2025, Lonny Fish, Esquire ("Attorney Fish"), who also practiced law with the Liberty Law Team, entered his appearance on behalf of Appellant and filed Appellant's brief with this Court. For this reason, we treat Appellant's retention of the Liberty Law Team as his first opportunity to challenge the stewardship of Attorney Parkins after the conclusion of that attorney-client relationship.

- 12 -

      c.       [Trial] counsel was ineffective for failing to file a timely post-sentence motion and[ direct appeal counsel was ineffective for failing to] raise a [direct appeal claim asserting] that the Commonwealth[] failed to correct the false testimony of [Reddish] during Appellant's trial, knowing said testimony was false.

      d.       [Trial] counsel was ineffective for failing to file a motion to suppress Appellant's [pre-arrest] statements where he was questioned by police [] regarding the circumstances of the child's death [without first being advised of his **Miranda** rights.[15]] Such statements were given subject to a custodial interrogation.

*Id.* On October 11, 2024, the Commonwealth filed a response to Appellant's application for remand, asserting, *inter alia*, that a remand would be improper because our Supreme Court's decision in **Bradley** did not create a right to file a second, untimely PCRA petition. Commonwealth's Response to Application for Remand, 10/11/24, at ¶12.

In balancing a petitioner's right to effective assistance of counsel and society's interest in the efficient and final conclusion of criminal matters, our Supreme Court in **Bradley**, **supra**, held that permitting "a petitioner to raise claims of PCRA counsel's ineffectiveness at the first opportunity when represented by new counsel, even if on appeal, while not an ideal solution, accommodates these vital interests." **Bradley**, 261 A.3d at 401. The **Bradley** Court further stated that a claim of PCRA counsel ineffectiveness raised for the first time on collateral appeal did not violate the PCRA one-year jurisdictional time-bar because such a claim of PCRA counsel ineffectiveness

---

[15] **Miranda v. Arizona**, 384 U.S. 436 (1966).

"sprang" from the original, timely PCRA petition and did not constitute a second or subsequent petition. *Id.* at 402, 404 (rejecting "the notion that considering ineffectiveness claims on collateral appeal constitutes a prohibited serial petition, violating the PCRA's one-year [jurisdictional] time[-]bar" (footnote omitted)).

Appellant filed *pro se* his first PCRA petition on March 21, 2016. Three amended PCRA petitions were subsequently filed over the course of the more-than-nine-year history of this case. As discussed *supra*, because Appellant filed his first PCRA petition within one year of the date his judgment of sentence became final, his petition was timely filed. As such, Appellant is permitted to raise a claim challenging the ineffectiveness of original PCRA counsel (Attorney Parkins) for the first time on collateral appeal because he is currently represented by new PCRA counsel, *to-wit*, Attorney Fish, and his claim springs from a timely PCRA petition. *Id.* at 401, 404.

In addressing Appellant's claim of original PCRA counsel's ineffectiveness, we are mindful that "[i]t is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012), *citing* *Strickland v. Washington*, 466 U.S. 668, 687-691 (1984). In order to plead and prove a claim of ineffective assistance of counsel, a petitioner

- 14 -

must establish that the issue underlying the claim of ineffectiveness has arguable merit, that [] counsel's act or omission was not reasonably designed to advance the interests of the [petitioner], and that the [petitioner] was prejudiced - that is, but for counsel's errors, the outcome of the proceeding would have been different.

*Bradley*, 261 A.3d at 390 (citation omitted). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

In a layered claim of ineffectiveness in which a petitioner challenges original PCRA counsel's failure to assert a claim alleging trial counsel's ineffectiveness, the ineffectiveness of trial counsel comprises the "arguable merit" prong of the three-part ineffective assistance of counsel test. *Commonwealth v. Reyes*, 870 A.2d 888, 896 (Pa. 2005) (stating that, proving the three-part ineffectiveness test as to trial counsel establishes the arguable merit prong as to PCRA counsel's ineffectiveness); *see also Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022) (stating, "[w]here a petitioner alleges multiple layers of ineffectiveness, he[, or she,] is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation").

In the case *sub judice*, the first layer of Appellant's claim is that trial counsel was ineffective: (1) in failing to file a motion seeking recusal of the Honorable Judge Barrasse; (2) in failing to file a post-sentence motion preserving a weight of the evidence claim for direct review; (3) in failing to file a post-sentence motion challenging the false testimony of Reddish; and,

- 15 -

(4) in failing to file a motion to suppress Appellant's pre-arrest statements to law enforcement. Application for Remand, 10/8/24, at ¶8; *see also* Appellant's Brief at 10-11. The second layer of Appellant's claim is that original PCRA counsel, Attorney Parkins, was ineffective in failing to include these issues in the third amended complaint. Appellant's Brief at 18 (asserting that, the second amended petition, filed by Attorney Poveromo, "was extensive and included several issues [(issues 3 – 5 and 7, as listed *supra*)] that [were] notably absent from Appellant's third amended [petition, filed by Attorney Parkins,] despite Appellant still wishing to raise those issues").[16] Appellant contends that "[t]here is arguable merit to these claims, [and] there was no reasonable basis for Attorney Parkins to forgo [the four ineffectiveness claims when filing the third amended] petition given they all have merit[.]" *Id.*

During the protracted history of Appellant's instant PCRA petition, the PCRA court, as discussed *supra*, conducted several evidentiary hearings surrounding matters involving Appellant's request for collateral relief. These evidentiary hearings, however, were conducted for limited purposes. In particular, the September 14, 2018 evidentiary hearing was conducted for the

---

[16] We note that issue number 7, as set forth *supra*, regarding the failure to correct the false testimony of Reddish in violation of Appellant's due process rights, was also not included in the third amended petition. *See* Third Amended Petition, 4/17/23, at ¶15 (stating that, Appellant's constitutional rights were violated because Dr. Ross' trial testimony exceeded the scope of his pretrial testimony and expert report but without mention of the failure to correct Reddish's false testimony).

purpose of eliciting testimony from Dr. Mihalikis regarding the asserted discrepancies in his expert report. At the heart of this hearing lay an inquiry and assessment as to whether, or not, Appellant was entitled to the appointment of a new expert. After a second amended PCRA petition was filed, the PCRA court conducted a second evidentiary hearing on May 3, 2022. At this evidentiary hearing, the PCRA court heard testimony from Appellant's trial counsel, Attorney Martir, regarding, *inter alia*, his rationale for not engaging a forensic pathologist to review certain forensic evidence as part of Appellant's defense. As a result of this hearing, the PCRA court, on August 12, 2022, denied Appellant's second amended petition, insofar as it asserted a claim alleging that trial counsel was ineffective in failing to engage an expert in forensic pathology. A third amended petition was then filed. Upon review, the PCRA court dismissed Appellant's third amended petition without conducting another evidentiary hearing.

This case presents a unique circumstance in which this Court, in order to review the dismissal of Appellant's ineffectiveness of original PCRA counsel claims, must examine whether the underlying claims of trial counsel's ineffectiveness – failure to seek suppression of Appellant's pre-arrest statements, failure to request recusal, failure to file a post-sentence motion asserting a weight of the evidence claim, and failure to challenge the false testimony of Reddish – satisfied the three-part ineffectiveness test. In conducting this assessment, we will need to determine whether the record supported the PCRA court's factual findings and whether the PCRA court's legal

conclusions were free from error. Based upon the current record, and specifically in the absence of an evidentiary hearing addressing these specific ineffectiveness claims, we are unable to properly review Appellant's claim. As our Supreme Court in **Bradley**, **supra**, recognized, when allegations of PCRA counsel's ineffectiveness are raised for the first time on appeal, an appellate court "may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter." We find that development of the record in the case *sub judice* is necessary to provide Appellant, in the interest of fairness and justice, an opportunity to plead and prove his ineffectiveness claims.

Therefore, we are constrained to vacate the May 20, 2024 order denying Appellant's PCRA petition and remand this case to the PCRA court so that current PCRA counsel may file an amended PCRA petition that, *inter alia*, complies with Section 9545(d)(1) and sets forth viable ineffectiveness claims. Thereafter, the PCRA court shall conduct an evidentiary hearing for the purpose of considering Appellant's underlying claims of ineffectiveness of trial counsel.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/7/2025